IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------- :
ALBERT COSEY : CASE NO. 1:05 CV 01397
 :
                Petitioner :
 : <u>MEMORANDUM OF OPINION AND</u>
     -vs- : <u>ORDER DENYING PETITIONER'S</u>
 : <u>28 U.S.C. § 2255 MOTION</u>
 :
UNITED STATES OF AMERICA :
 :
              Respondent :
------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before this Court is *pro se* petitioner Albert Cosey's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.[1] (Doc. 1). Respondent filed an answer to Mr. Cosey's petition, (Doc. 5) and the Court granted leave to supplement that answer. (Doc. 6). The issue is now ripe for consideration.

      For the reasons set forth below, Mr. Cosey's 2255 motion will be denied.

      Mr. Cosey petitions the Court pursuant to § 2255 to set the judgment aside in view of the United States Supreme Court's decisions in <u>Booker</u>, <u>Fanfan</u> and <u>Blakely</u>. Mr. Cosey specifically maintains these decisions render unconstitutional the Court's

---

[1] Mr. Cosey's petition also invokes 28 U.S.C. § 2254 as a basis for relief. However, that provision applies only to individuals in state custody "pursuant to a judgment of a State court." See § 2254(a). As Mr. Cosey is in federal custody, his section 2254 claim is misapplied and the Court will construe his claim as one asserted only under section 2255.

consideration of the petitioner's prior criminal convictions, which accumulated to place the petitioner in a criminal history category of VI. Mr. Cosey presents no evidence in support of his claim.

In the underlying matter, United States v. Albert Cosey, 4:03 CR 278, the defendant pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841, and to felony possession of a handgun, in violation of 18 U.S.C. §§ 922, 924. (Doc. 37). The Pre-Sentence Investigation Report detailed Mr. Cosey's extensive criminal history which substantiated his criminal history category of VI. At Mr. Cosey's sentencing, and in response to his counsel's objection, the Court ruled the defendant was not a career criminal. (Doc. 46). This finding did not affect the petitioner's criminal history category, but it did reduce Mr. Cosey's Offense Level from a 34 to a 28, reducing the range of his sentencing exposure from 262-327 months to 140-175 months.

Mr. Cosey's current section 2255 petition fails on both substantive and procedural grounds. With regard to the merits of the legal question, the Sixth Circuit has specifically determined that Booker does not apply in collateral proceedings, such as the instant matter. See Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). Accordingly, as a substantive matter, Mr. Cosey's collateral claim lacks merit.

In addition, as a question of procedure, Mr. Cosey's claim is untimely. The Court entered a Judgment and Conviction Order against Mr. Cosey on 1 April 2004. (Doc. 45). Mr. Cosey filed his section 2255 petition on 18 May 2005. (Doc 1, Case No. 5 CV 1397). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 105 provides for a one-year period of limitation in the filing of

section 2255 claims. The Court finds no applicable exception to the one-year limitation rule in this instance. 28 U.S.C. § 2255. Accordingly, the Court is jurisdictionally barred from considering Mr. Cosey's untimely application.

For the reasons set forth above, petitioner Albert Cosey's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. 2255, is denied.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 22 May 2007